# WILLIAM GOOD *v.* THOMAS KNOX AND GEO. K. EATON.

*Impeachment of adversary called as witness.  Harmless error.*

*Instruction upon issue not raised.  Agency.*

1. A party calling his adversary as a witness to fix a several liability . upon his co-defendant, cannot impeach him by showing former contradictory statements, however it may be when the witness is called to fix liability upon himself.

2. Where an issue has been found in favor of an excepting party, no reversable error can be predicated in respect of that issue.

3. The trial court is not bound to instruct the jury in a given particular, even though that instruction be a correct exposition of the law, unless the evidence in the case requires it.

4. *Held*, that there was nothing in this case calling for an instruction that defendant Eaton might be liable by reason of having held Knox out to the world as his accredited agent.

Assumpsit.  Plea the general. issue.  Trial by jury at the December term, 1890, Caledonia county, Tyler, J., presiding. Verdict against the defendant Knox for $289.94, and for the defendant Eaton to recover his costs.  The plaintiff excepts.

The plaintiff claimed to recover a balance due for work done on a farm in Kirby.  It was conceded that there was a balance due the plaintiff of $266 and interest.  The defendant Eaton contended that he was not liable to the plaintiff for the reason that he had never employed him to render the services sued for.

Eaton held the title to the farm on which the work was done.  Knox was his uncle ; and the claim of Eaton was that he permitted his uncle to live there, but assumed no responsibility as to the expenses of carrying it on.

William Good *v.* Thomas Knox and Geo. K. Eaton.

The plaintiff was originally hired by Knox, and did not claim any personal contract with Eaton, but insisted that the relation of Eaton to the property was such that he was liable. His evidence tended to show that Eaton furnished all the stock on the farm, gave directions as to its management, once received some oats raised on it, and that " Knox occupied and run this farm as a sort of agent of Eaton, but had a kind of interest in it." What that interest was did not appear except as above stated.

In the opening the plaintiff called Knox as a witness to the point that he was the agent of Eaton. This he denied, and thereupon the plaintiff proposed to show that the witness had formerly said that he was such agent. The court excluded the testimony and the plaintiff excepted.

The defendant Knox denied that he had paid the plaintiff the amount of his debt in certain wood. Upon this issue the plaintiff offered to show that the wood in question was cut upon the Hall lot, and that one Harris had a lien upon it for its full value, and that this was known to the plaintiff when it was alleged that he agreed to take the wood in payment. The evidence was excluded and the plaintiff excepted.

The evidence tended to show that if the plaintiff ever agreed to accept the wood in payment it was upon condition that Knox should furnish a team with which to haul it, and that this had never been done. The plaintiff requested the court to instruct the jury that if the defendants had agreed and afterwards neglected to furnish a team, the $266 would thereupon become payable in money.

The plaintiff further requested the court to charge that upon the undisputed evidence the wood belonged to Harris ; and that the defendant Eaton might be liable if he held Knox out to the world as his accredited agent, and this was known to the plaintiff. The court refused to charge as above requested, and the plaintiff excepted.

William Good *v.* Thomas Knox and Geo. K. Eaton.

*Bates & May*, for the plaintiff.

The plaintiff should have been allowed to show contradictory statements made by Knox, for he was a party defendant. *Batchelder* v. *Kinney*, 44 Vt. 150 ; *Fairchild* v. *Bascom*, 35 Vt. 398; *Stevens* v. *Beach*, 12 Vt. 585.

*Harry Blodgett, C. A. Prouty* and *Ide & Quimby*, for the defendant Eaton.

What Knox had said on former occasions was properly excluded. He was the plaintiff's witness, and the plaintiff could not impeach him in that manner. *Cox* v. *Eayres*, 55 Vt. 24.

The jury found that the plaintiff did not agree to take his pay in wood. That issue having been found in favor of the plaintiff, he was not harmed by any error during the trial in reference to it. *Sanborn* v. *Cole*, 63 Vt. 592 ; *Currier* v. *Robinson's Est.*, 61 Vt. 196 ; *Sampson* v. *Warner*, 48 Vt. 257.

There is nothing in the exceptions to show that the charge as given did not fully cover the question of agency. Error will not be presumed. *Tenney* v. *Smith & Harvey*, 63 Vt. 520.

The opinion of the court was delivered by

ROWELL, J.    The statute provides that a party to a civil action may compel an adverse party to testify in his behalf in the same manner and subject to the same rules as other witnesses; but that the party so called to testify may be examined by the opposite party under the rules applicable to the cross-examination of witnesses. R. L. 1089. Whatever right the party thus calling his adversary may have to impeach him when he is called to fix liability on himself, either joint or several, we think where he is called to fix liability on his co-defendant and not on himself, that in respect of impeachment he must be treated like other witnesses, or, in the words of the statute, " in the same manner and subject to the same rules as other witnesses." Hence there was no error in excluding inquiry of the defendant Knox as to claimed former contradictory statements by him.

The issue, whether plaintiff had been paid in wood, as defendants claimed, was found in plaintiff's favor; therefore the exclusion of his offer to show that Harris owned the wood and that he knew it, as tending to show that he did not take it in payment as claimed, worked no harm, neither on this score nor on the score of discrediting the witnesses who testified that he did thus take it; for the jury found the testimony of the witnesses untrue on that point, and they were at liberty on that finding to discredit them on other points, if they thought it did discredit them.

For the same reason the ownership of the wood became immaterial, as did also the legal effect of defendants' refusal to furnish plaintiff a team to draw it.

The record contains nothing to show that plaintiff's contract of service was made with Knox in the belief that he was Eaton's agent in the transaction, induced by a known holding of him out by Eaton as his agent in respect of carrying on the farm; but as appears by the exceptions and the charge, plaintiff put his case as against Eaton on the ground of a general agency in Knox in respect of carrying on the farm, broad enough to confer authority on him to hire help thereon on Eaton's account. Therefore the case did not present an aspect of agency by holding out and accrediting as such to plaintiff's knowledge and belief, and so it was not error to refuse to put it to the jury in that aspect.

*Judgment affirmed.*